UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JUSTIN D. LOINES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-147 |
| | ) | REEVES/POPLIN |
| DARREN SETTLES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as time-barred [Doc. 7] and a memorandum in support thereof [Doc. 8], as well as the state court record [Doc. 6]. Petitioner filed a response in opposition [Doc. 9]. For the following reasons, Respondent's motion to dismiss the § 2254 petition [Doc. 7] will be **GRANTED** and this action will be **DISMISSED**.

### I. PROCEDURAL HISTORY

On July 14, 2010, pursuant to Petitioner's guilty pleas, the criminal court of Hamilton County, Tennessee entered criminal judgments against Petitioner for one count of voluntary manslaughter and one count of facilitation of aggravated child neglect [Doc. 6-1 p. 7–8[1]]. Petitioner did not appeal these convictions, but on July 5, 2016, Petitioner submitted a pro se petition for post-conviction relief [*Id.* at 9–52] to the state court and the state court denied the petition on September 30, 2017 [*Id.* at 55–62]. On June 29, 2018, the Tennessee Court of Criminal

---

[1] The only judgments against Petitioner in the record before the Court are marked "corrected" [*Id.*]. Both of these judgments state that the "judgment date" is July 10, 2010, although the judge signed them on July 27, 2010 [*Id.*], and nothing in the record indicates why the criminal court entered corrected judgments.

Appeals affirmed the denial of post-conviction relief, and on October 10, 2018, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. *Loines v. State*, No. E2017-02088-CCA-R3-PC, 2018 WL 3203118 (Tenn. Crim. App. June 29, 2018), *perm. app. denied* (Tenn. Oct. 10, 2018). On April 19, 2019, Petitioner filed the instant § 2254 petition [Doc. 1 p. 20].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's convictions became final on August 14, 2010, the day on which Petitioner's time to file an appeal of the judgments against him expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where the Tennessee petitioner did not pursue a direct appeal, his state court conviction was deemed "final" upon the expiration of the thirty-day time-period in which he could have done so). Thus, the clock began to run on that date and expired on August 15, 2011.[2] While, as set forth above,

---

[2] Three-hundred and sixty-five days after August 14, 2010, is Sunday, August 14, 2011. As such, the statute of limitations did not run until the next day. *Bronaugh v. Ohio*, 235 F.3d 280,

Petitioner filed a pro se petition for post-conviction relief with the state court in 2016, this filing did not revive the AEDPA clock. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Accordingly, Petitioner's § 2254 petition, which he filed on April 22, 2019, is untimely. The AEDPA statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he has diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing the petition. *Holland*, 560 U.S. at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (providing that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day").

Petitioner's arguments that he is entitled to equitable tolling are that he is untrained in the law, had no knowledge of the AEDPA statute of limitations, and did not realize that he entered his guilty plea involuntarily, unintelligently, and unknowingly due to ineffective assistance of counsel until his family hired legal assistance to investigate his case in April 2019, which was the first time that his family had the financial means to do so [Doc. 9 p. 3–4]. Petitioner's lack of knowledge regarding the statute of limitations and/or the law is insufficient to entitle him to equitable tolling,

---

283 (6th Cir. 2000) (providing that under Supreme Court Rule 30, the last day of the filing period shall be included unless it is a Saturday, Sunday, or federal legal holiday, in which event the period runs until the next day).

however. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (holding that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations, his § 2254 petition is time-barred, and this action will be **DISMISSED**.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects the § 2254 petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

### IV. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [Doc. 7] will be **GRANTED**;

2. A COA will not issue; and

3. This action will be **DISMISSED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

4